I apologize in advance if I butchered that name. I rename people regularly. Counsel for appellate please approach and proceed. May it please the court, Maxime Dono on behalf of the defendant Noel Macapagal. Thank you. With the court's permission, I'd like to reserve three minutes to respond. All right. Counsel, please be reminded that the time shown is your total time remaining. Thank you, Your Honor. All right. This is not an easy case. I will concede that it involves talking about a reprehensible subject matter and crime of conviction. It's not a discussion to take lightly, nor is it a conviction to take lightly. But the difficult subject matter does not mean we should brush aside and ignore what actually happened at trial in this case, where the government argued to fit a square peg theory of prosecution into a round hole of the criminal statute. That's 18 United States Code section 2422B, a statute that criminalizes online enticement. And that's the first issue that this appeal presents, which is the government argued an invalid theory of prosecution to the jury. The remedy is that a general verdict must be set aside when jurors are left with the verdict, and this court must remand to district court for a new trial. Counsel, is it your argument that no online media was used in this case? No, that's not the argument, Your Honor. The argument as to the first issue on appeal is that the government treated this statute as a facilitation statute. It treated it as a statute where no online enticement occurs, but rather any enticement or attempted enticement of a minor would occur in person. So the persuading, inducing, coercing, or enticing did not happen online. The logistics to arrange this unlawful tryst did occur online. But the actual online enticement, the actual online grooming, what this statute prohibits did not happen online. Aren't you passing that a little too finally? Your Honor, I would just point the court to the government's opening, the government's closing, arguments had at the judgment of acquittal, the Rule 29 stage. And when I argued during my closing, the government's successful objection. So I'd just like to quote what specifically the government argued to illustrate how this theory of prosecution was completely invalid under this statute. Quote, in the opening, the defendant showed up at a house intending to persuade three young girls, age 6, 9, and 11, to have sex with him. So intending to persuade in person. That's all after all the online conversations with this person pretending to be the mother of the children. That's correct. There were online communications. Lots of them, where he learned how old the children were, what they liked, their favorite colors, what he was going to do. Can you say that all, and it was your argument that because they were talking to an intermediary that that's irrelevant? I don't quite understand. Because there is law the other way. There is law the other way. So I understand the court's concern about the adult intermediary issue. I can get to that. That's part of the second and third issues on appeal. But with respect to what the government actually argued, again, I'll quote again. In closing, the government argued the defendant would have faced no consequence for walking away. What he was intending to do was persuade and entice the children. And by going online, that's how he accomplished it. That's a reference to online? It is a reference to online. It appears that you want to just focus on the government's argument regarding when he actually showed up and disregard the government's references to the online contact. That is not exactly what I'm arguing, Your Honor. What I'm arguing is that their only theory was that he wasn't attempting or would persuade induce, coerce, entice the minors into having sex in person. And another part where that is evinced is the government argues in closing it's not his chats alone that make them guilty. When I argued at the judgment of acquittal stage, I argued to the district court judge that the enticement must occur online, not in person. The government argued that it disagreed with that as a matter of law. That was a confusing exchange. I give you that. The government acknowledged that. But it seems like a lot of the arguments you're making, or perhaps all of them, sort of depend on the assumption that the statute doesn't cover enticement through the mother. And that, I think, is the key question in the case. Obviously, every other court that's looked at this has seemingly gone against that view. But just looking at the statute, where do you get your position from, just off the text of the statute? Is Your Honor's question a reference to the adult intermediary? Yeah, exactly. Because I think that the whole case and much of your arguments about the evidence actually turn on that. Because I think you're essentially operating on the assumption that that's not covered. And then the rest of this then sort of falls into place because you're arguing that there is an enticement in person. But I think the government would say, well, what happened later in person was just indicative of his intent to commit this entire offense. But if you go back to the statutory text, which is what your client is on the hook for, where do you see in there that the intermediary is not permissible? So there's two arguments that we raise as far as the adult intermediary issue. And the first argument, I will concede, is not raised on the cleanest of plates, given that essentially all the other circuits who have addressed the adult intermediary with respect to this statute have sort of gone the other way. But that's not the full breadth of the argument. The second part of that argument is that the evidence remains insufficient because the government did not prove that any enticing was done through the adult intermediary to convey to a minor or to instruct them. I also don't understand that because the whole discussion online was setting up his coming to the place. Sure. He was following through. So it was a demonstration of what he was doing online, wasn't it? I understand the court's question there. And I think the response is that we have to look at the actual backstory of what the government chose to set up in this case. So remember, it's two FBI agents who are pretending to be this mother of three young children. That's undisputed. But what's also undisputed is that the government agents reached out to the defendant appellant here on a lawful adult forum website called DoubleList. The defendant appellant had a lawfully posted advertisement to engage in adult dating, and it was the government agents who reached out to him and said, are you into taboo FF? That was the first communication that they had. You're not arguing entrapment, are you? No, I'm not. That's not an issue on appeals. What was wrong with the agents reaching out to him? I'm not saying that it was wrong for the agents to reach out to him. What I'm trying to convey is that that sort of colors the whole argument as to whether any persuasion, inducement, coercing, enticing was necessary or actually occurred. Some flavor of this in the brief is essentially that the fake children were already enticed. They were already sufficiently groomed. That seems like an argument that the jury could hear and perhaps credit but also reject based on the facts. Well, it goes to how the evidence was insufficient because the government's brief addresses three different ways that this statute can be violated. First is that the defendant communicates directly with a minor. The government chose not to set up that scenario in this case. They chose to set up an adult intermediary who had a relationship as a fictive mother with three fictive children. The two other ways the government says that the statute can be violated is that there has to be some sort of conveyance to the minors of enticing remarks online or that the defendant has to instruct the adult intermediary to groom those children in advance. That didn't happen in either respect. Was there evidence that, in fact, the mother had conveyed some of the comments that the daughter was psyched to have the defendant come over? It was all hypothetical, but there was some communication back to the defendant of the mother saying, oh, I told the daughters about this and this is what they want, and he knew that. But the distinction, Your Honor, is that the defendant never told the adult intermediary to say, convey what I'm doing or I want to do online. Couldn't somebody draw that from the facts? Even if he didn't say specifically, I want you to tell the daughters that I'm going to do X, Y, and Z, wasn't that part of the whole nature of this communication was to have this discussion with the mother to socialize some of these things with the daughters to see if this was an arrangement that would work? That's the government's argument. Our argument is that the defendant did not actively employ the adult intermediary to convey or to instruct. Number one, because he didn't share anything with respect to what we're talking about online with your children. And secondly, he didn't instruct the adult intermediary to do anything. Well, what was he doing with her then? He was accepting the offer that they proposed to him with pre-groomed children in this scenario to engage in an unlawful trip. That is not what this statute is meant to capture. He says, well, I want to prepare the girls for what he's going to do, and he says, well, we can take a shower. I don't want to go through all the things. But it's quite explicit when he says what he's going to do. He's through her. He's communicating with the children. At least that's the inference the jury has drawn. It's explicit, and I also don't want to go through all that again. I had to go through it all at trial, so I'd rather not do that again. Isn't that bottom just a sufficiency of the evidence argument? This is not a statutory interpretation argument. This is basically, let's look at what the evidence showed and ask whether somebody can conclude from that. Again, I'm trying to figure out how much of your argument depends on just saying that the intermediary is just categorically out, because I think if the intermediary is categorically in, then this just becomes a question of sufficiency of the evidence. That's not just our argument. Again, I concede that the adult intermediary issue has been decided the other way by multiple other courts, but that's not the only argument we raised. The sufficiency argument has to go with how they presented their case to the jury using the adult intermediary. There was no conveyance or instruction to do anything, because the minors were pre-groomed. The agents reached out and presented this scenario to the defendant. It was not like the multiple use cases, particularly the McCarran case, which this court recently decided earlier this year, whereby it was the defendant initiating communication. It was the defendant there that proposed the sexual wrongdoing. It was the defendant there that said, this is what I'd like you adult intermediary to do prior to anything that happens in person. In other words, in online grooming, that did not occur here. Not only do we have the sufficiency argument, but we do have the invalid theory of prosecution that the government advanced time and time again, from beginning to closing, and also during the intermediary stages of this case, including when I closed and the court sustained the government's objection when I argued that this statute criminalizes online communication, specific activity, and the court sustained the government's objection for my misstatement of law. I don't believe that's a misstatement of law. I think that's a proper statement of law. And that tainted the jury, much in the same way that the government's invalid theory of prosecution did. The third argument, and I know I'm running a little short on time, so I'll try to save a little bit for rebuttal, but is that there were two erroneous jury instructions as well. So it's not just the sufficiency claim. The erroneous jury instructions had to do with the adult intermediary and the willing minor. And I want to focus more on the adult intermediary instruction. And it was erroneous because it failed to require proof that the defendant attempted to use the adult intermediary to get through the children. It also was erroneous because it merely required the defendant to make any type of communication to the adult intermediary that was not predatory in any way. So, for example, the adult intermediary instruction says this. The government's not required to prove that the defendant communicated directly with a person who believes to be a minor. The first element of the offense can be satisfied where the defendant communicated with an adult intermediary or adult guardian of a minor as long as the defendant acted with the intent to persuade, induce, or entice. So the way that I'd like to, you know, set up a hypo as to how that could happen in real life is if I called my son's friend's father and said, hey, son, friend, father, I want to take your kid and my kid to the beach. I'm initiating a communication online. But I'm, while I'm harboring a subjective intent to persuade, induce, coerce, entice. I don't have to say, it doesn't have to say that. That's the only way. The problem I have with your hypothetical is that that's not the only way the communication can go. That's one way, but not the only way. But that's a fair reading of how this adult intermediary jury instruction could construe a conviction under this statute. So, you know, that jury instruction is clearly erroneous because in tandem with the willing minor instruction, which perhaps I'll save for rebuttal. I'm running short on time. But to get back to your Honor's main point, sufficiency is not the lone argument we're raising. The invalid jury prosecution, the erroneous jury instruction also constitute error. And we're not harmless beyond reasonable doubt. All right. May it please the Court, Rebecca Perlmutter representing the United States. Let me start in the bottom line here. And I think this is something that all of your Honors pointed out in your question to the appellant. But this case actually is not a close call. This case was about the online communication at bottom. The entire case was about the extensive chat and the online communication and the phone calls that this defendant had with the adult intermediary. And that's assuming that you accept that adult intermediary is covered within the scope of the statute. Were there tapes of the phone conversations? Yes. And those audio tapes, yes, Your Honor, were submitted at trial. Wasn't it the request of the defendant that they go offline and go to phone calls? I can't remember. I was not trial counsel. So I can't remember exactly who suggested that they go offline to the phone calls. But I do know that there was at least two extensive phone calls. And both the phone calls and the chats themselves show what the defendant's intent was and show that these online communications were really the bread and butter and the heart of the case. And I guess that brings to three essential points here in, I guess, rebuttal to the defendant's argument. The defendant really is making a – or the appellant's making a sufficiency argument. And I think that that's what really Judge Brass pointed out. But it's trying to make a clever pivot because the facts are so overwhelming here to categorize it more as a legal argument. And that's just false in two ways. One, the government's theory at trial was not that this was an online enticement case. And what the appellant is doing is looking at the substantial step, which the government focused on based on tailoring the facts to their theory of the case, which was his travel, which was his bringing the gifts. And there's more than enough case law. In fact, you know, every circuit that's considered this is considered that travel is considered a substantial step. That's the government's theory of the case. The government's theory is that in using the online communications, he intended to persuade, induce, and entice those children. And he took a substantial step to do so by traveling to the meet and bringing gifts to do that. And I think you could look to the government's summation and their rebuttal at 5 ER 897. And that's exactly what the government said. The trial counsel in responding to the defendant's argument at closing said the way he accomplished that crime was by going online and his text messages and his emails communicating with somebody that he believed was a mother who had control over these children, who was willing to help arrange this dynamic. And they came up with his name, special friend, Coach Calvin, they talk about. They talk about the gifts that he was intending he was going to bring for the kids and his words. He talks about his special touches and how he's going to ease them into being with me. These are his words and communications in interstate commerce. And that is why he is charged with an attempt to commit this crime. Do we have case law on what a substantial step is? Yes, Your Honor. There's significant case law on this. I think if you want to look at the Ninth Circuit case, you can turn to Getsky or you can turn to Meek. And both in Getsky and Meek, the defendant, the court said that travel could be a substantial step. Certainly it doesn't have to be. It could be something else. It could be communications online. But it is one of the means. In Meek, the defendant actually traveled to the school. In Getsky, it was a mail communication in Montana. So there wasn't travel. And the court just referred to other cases where travel could be a substantial step. I mean, I could list cases, Roman and the Sixth Circuit, where the defendant brought the child's favorite candy in order to, quote, break the ice. But I think what's relevant here in thinking about the ideas of substantial steps and adult intermediary is the statute is quite broad in law. Now, that's not how the government argued it at trial because the facts here were so overwhelming on the online communications. But the statute doesn't require online communication. There's nothing in the statute that says that. The statute doesn't require that everything occur online. The statute's focused on the intent of the defendant who uses an interstate facility. And so if Congress... Online or some other facility. It could be some other way. And that is, I think, why you see substantial steps such as travel. You see the use of an adult intermediary who may be grooming the defendant offline fall within the scope of the statute because the purpose of the statute is that the defendant is a predator who wants to gain the assent of the children. And it's the defendant's intent that matters. But you can't simply criminalize the communication for itself, so there has to be a substantial step that says that. And that's a proof issue, Your Honor. I'd agree with that. And I think that's why you see cases really focused on online communications because when you're talking about a defendant's objective intent, you have to have some objective act to be able to prove what was in their head. And that gets tricky. And so really, when a government's assessing what cases to bring and what facts to focus on, they're really looking at what objective acts would confirm what the defendant was thinking in his head. So in your view, the defendant is turning this upside down by saying the government was actually proving the person-to-person attempt to communicate rather than the online use of interstate phone devices. I would agree with that, Your Honor. And in fact, I think the appellant talked a bit about context in this case. And I think the context here is really important because why did the prosecutor focus on what he was doing when he arrived at the house? And that's because this entire case was not about whether the defendant actually made those online communications. I think the appellant would agree that that was not disputed in this case. What was disputed was the defense theory that this was really just a fantasy, that the defendant never actually intended to persuade those children because he actually thought they were adults. And so what the prosecutor rightly was focused on is how do you rebut that defense and how do you actually prove that when he made those communications and that when he showed up at the house, throughout that time, the continuum, his intent was actually to persuade what he believed were real children. And that's why the prosecutor was so focused on the gifts and so focused on his words to which was really focused on the intent, which is the point of the statute here really, Your Honor. I want to address the idea that the jury instruction related to the adult intermediary, which was one of the points that the appellant brought up, was somehow insufficient or an incorrect statement of the law. And I think the jury instruction itself shows how it actually took great effort to be an element one of the law. I mean, assuming that the adult intermediary, of course, is a viable way in order to be one means to violate the statute, the jury instruction regarding adult intermediary here took great pains to relate it back to element one, which is the critical part of the statute, that the defendant had the actus reus and actually acted with the intent to coerce, persuade. So it's what's actually in the defendant's mind in engaging with the adult intermediary, which the defendant did here. I have a few, just to switch gears to special condition seven, because I wanted to hear the government's perspective on that. We have a new case, United States v. Wells. Does that decision mean that this special condition is overbroad and needs to be tightened up? I think in this particular case, I wouldn't agree with that for a couple reasons. One, and I don't intend to say that this is the government's strongest argument here, but I do want to point out that the defendant in its brief with the appellant, excuse me, might do co-counsel in the trial setting, and so that is why I keep referring to him that way. But in the brief of the appellant on page 34, the appellant does admit that the objection in front of the trial court was an overbreadth objection. And Wells explicitly says it's not discussing overbreadth in this case, and it's actually talking about a vagueness challenge to this statute. What's the difference? I just pointed out that if it's a plain error review, if the court does slice it that far, that I can't say that it would be substantial necessarily or affect fairness in this particular case, and in part because Wells was focusing on a different statute. It was focusing on a collector of child pornography. The objection is a special condition seven. Are you just saying it wasn't a good enough one? I'm just pointing out the fact, Your Honor, that it's a different objection, and I think that the overbreadth objection is slightly different, and the idea tailored to this particular defendant in this case is actually quite a bit different than Wells because this case does involve internet communications online through the means of a computer. And if you actually look at 18 U.S.C. 1030, that definition coincides with the type of devices that you would use to engage in communication with a minor or somebody else that's tied specifically to the defendant's conduct in this case. And so I do think there is a distinction that you can make in that. Does that ever mean devices capable of communicating with another person, basically? Yes, and I think so, and I think that that is tailored to the specific instance in this case and to the degree of harm that the defendant could cause. And certainly, if the defendant had a question here, if it's an overbreadth issue, you can ask the probation officer. And the only other thing I want to point out about condition seven and how it relates to I think United States v. PED is one of those cases that in viewing a supervised release condition, the court is supposed to construe that narrowly and to see if there's any construction of that condition that could be construed narrowly. Wells relied on an unpublished decision and discussing how it got to its reasoning where that attempt to construct narrowly was not viewed in that situation. And so the only point I make here is that in viewing a different statute that Wells did not consider, that under the facts of this case and the defendant's actions here, I think there is a view that you could narrowly construe this condition that would not make it overbroad. Tell me again how you narrowly construe this so that it's not overbroad. Well, I think in using 18 U.S.C. 1030, I'm talking about computers or other communication devices, unlike something that wouldn't have the ability to actually connect or communicate with another person. Does that include an iPhone? I think an iPhone would be covered. Yes, Your Honor. But not a refrigerator, exercise watch or something like that? That doesn't seem reasonable. And certainly if the defendant had questions about that, he could certainly go to the probation office to seek a modification of the condition. But under these particular facts, that doesn't seem like a reasonable construction of it, particularly if it relates to the defendant's conduct and the extent of the defendant's conduct, where it's not just a possessory type charge, but it's actually a communication charge. And that's the harm that the condition was trying to get at. Does that mean that the defendant has to call probation officer before he calls his mother? I think that, you know, the defendant would have to get approval to use his phone for purposes that are authorized. And I think that that happens all the time in computer conditions. You can use your computer for authorized conditions, such as for work purposes, such as for contacting your family. And there are categorical exceptions. But that allows the probation office to at least monitor and understand and have a conversation with the defendant about... I can understand the... I'm trying to get my head around this. I can understand approval to use the internet. I'm not quite sure I understand approval to make a phone call to a relative of mine, because it's the same device. I guess, Your Honor, the computer condition versus the internet condition, they do coincide, you know, to a certain extent. I would agree with that, right? Because it's the means of using the computer. It's not the storage. So they're trying to get at the same purpose in different ways, I would suggest. I think what you're saying is this is covering essentially communicative devices, things that allow you to talk to or text or email or somehow communicate with another person. I think that that's a fair way to phrase it, Your Honor. Yes. What would be wrong with remanding this back for the district court to take a more detailed look to see how this affects the defendant and to narrow it, as opposed to us trying to envision how it can be narrowed? Related to Condition 7 in particular? Yes. I think that that would be up to Your Honors. And I do understand that the Wells case has made this a more difficult argument for the government. The only thing I'd point out is the statute itself is different, and the conduct is different than what Wells was trying to get at. But I do understand. The concept is there. That's the difficulty. The concept of Wells seems to translate to this condition. And the government recognizes that. Certainly, there could be a more tailored condition crafted, and I would acknowledge that. Unless there are any more questions, I see that my time is almost up. All right. Thank you, Your Honor. Thank you. Fairbottle? Thank you, Your Honor. So, what's telling is that in the government's answering brief, they didn't even address the first issue in this case. They didn't even list it as an issue. They buried their response to that in the multitude of other arguments that they made. And now they're arguing differently, I suppose. But that was not presented in their answering brief. I just want to point out to the Court that there are a multitude of state and federal statutes that prohibit in-person underage sex with minors by adults. That's not what this statute criminalizes. This statute criminalizes online or the attempted online grooming of a minor. And the government's theory that just so long as the logistics and the communications occur over interstate commerce, whether by telephone or the internet or otherwise, and that there's an intent to do something in the future, persuade, induce, coerce, entice, in person, that's enough. This is not. But in this case, there was evidence presented and argument made by the government that it was online. There was. But there was also multiple times that they argued that this was an in-person facilitation type statute. Again, I've quoted multiple times in the opening where the government is saying that he's intending to do it in person, and he just merely used his cell phone and internet to arrange it. But of course, the argument of counsel is not evident. So we look at the evidence that was presented to the jury, and the evidence presented to the jury was of online contact as well as personal contact. Right. The government says that the theory of the defense was that he thought that these were adults, and that to rebut that, they emphasized that he showed up with bags full of candy and stuff. What was the theory of the defense? Do you disagree with that? I disagree with that in part because that was not the entire theory of the defense. But part of it. That was one defense that I submitted at trial. But there was two other defenses. One being entrapment, which is not an internal appeal. Right. But the third defense was that the government did not prove that this statute was violated in the way that they say it was violated. There was no online grooming. The way that they proved their case was that the defendant went online, but not in his online communications did anything to his enticing remarks to constitute online grooming. It was almost like an entrapment light argument to say he did not entice anybody because these people were already enticed by the mother. That was essentially the defense. That's part of it. The other part is that there was no conveyance. There was no instructing to do that online because the scenario presented, cooked up by the government, was not that these minors needed any enticing. They were already pre-groomed. They already had experience. They could have chosen a scenario where the defendant communicated directly with the minor or where the defendant communicated with the adult intermediary and the adult intermediary said, my children are expressing reluctance. But that never happened. There was no reluctance. They were willing and that's why the legal argument that they presented at trial is invalid as well as the sufficiency of the argument evidence and our objections to the jury instruction. All right. Thank you, counsel. You've exceeded your time. Thank you to both counsel. The case just argued is submitted for decision by the court. We will be in recess until 1045. All rise. This court stands on a 10-minute recess. Hi, folks. So yeah, are you seeing me in the courtroom at this point, Mike? Kwame, yes. This is Tony. We're all here. Are you seeing me on the screen? Yeah, you're moving. I am moving. Great. Okay. Let's see here. Let's see, before you disconnect, let's just see if maybe the system has fixed itself. Ms. Olson, can you turn on your, Ms. Olson or Ms. Young, can you turn on your video? I've turned on my video. Okay. Are you seeing Ms. Young on the screen? Yes. All right, yeah. Yes, Kwame. Okay. And if I turn mine off, are you still seeing Ms. Young on the screen? Yeah, she's full screen now. Okay. Ms. Olson, would you mind turning on your video? Let's just make absolute certain that all of this is working if you're around. Thank you so much. And Ms. Young, if you can go ahead and stop your video for a moment. Okay. And you're seeing that change now. You're just seeing Ms. Olson on the screen, nothing else? Yes. Okay. So whatever was going on appears to have stopped going on. I'm not sure what. Basically, it looks like the image from my camera, which looks like this, and when I cover it up, I use that just as a slate so that there's something on the screen. When I have that up like that, it looks like that image got frozen onto the video system. So we'll hope that doesn't happen again. And Ms. Olson and Ms. Young, thank you so much for your patience. Sorry about this technical issue. Let's see here. I think they'll probably want to take things in order. Ms. Young, if you want to turn on your video when they come back. Actually, if you want to turn it on now, that would be great so we can see and make sure that it's working and that we're not doing this all again. And I'll go ahead and stop my video, and we'll start streaming again when the judges come back in. And just verify you are seeing Ms. Young on the screen now. Yes. Yes. Yes? Yes. Yes. Thank you. Great. I know you folks aren't by a microphone, so it's difficult to hear. All right. So I think we're ready to go. Let's not reconnect. If this is working, this is working. I think we're ready to go. Thank you. And I'll start streaming again when I hear the gavel. Go ahead, Ms. Young. Thank you. Hopefully she's just going to talk to the judge. Okay. All right. So we didn't need you guys. And that was me, I think. Thank you.
judges: SCHROEDER, RAWLINSON, BRESS